(No. 2215—)

CHARLES THOMAS ALFORD, BY HENRY ALFORD, his next friend, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 21, 1933.*

THOMAS P. MOORE AND JULIUS RAZOVSKY, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claimant, Charles Thomas Alford, an infant, by his father and next friend, submits by his claim, that while walking upon and along a certain public thoroughfare in the city of St. Louis and while in the exercise of due care for his own safety, was struck by an automobile truck owned by the State of Illinois, then and there carelessly and negligently operated by a servant of the State, thereby breaking his right collar bone and causing other physical injuries set out in his complaint, all to the damage of claimant in the sum of Two Thousand Dollars ($2,000.00).

The State of Illinois, the respondent, has filed its demurrer to this complaint upon the grounds that claimant is barred from maintaining an alleged action for the reason that the doctrine or rule of *respondeat superior* has no legal application to the Sovereign State in the exercise of its governmental function. There is nothing in the complaint by which it is disclosed to what branch of the State government the truck in question belonged, nor in what manner or for what purpose or by whom it was being used, but regardless of that, the State of Illinois is not liable for the torts of its

agents, employees or servants under the rule of *respondeat superior*. This rule has been almost uniformly followed by this court, and where a demurrer is filed to a claim based upon this rule, the court is in duty bound to recognize the same, unless some reason for an exception can be shown. In the present case, such demurrer is filed and in support thereof the following citations are made.

"The government itself is not responsible for the misfeasances, or wrongs, negligences, or omissions of duty of the subordinate officers or agents employed in the public service; for it does not undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations, in endless embarrassments, and difficulties and losses which would be subversive to the public interests; and indeed, laches are never imputable to the government. *Seymour* vs. *VanSlyck*, 8 Wend, 403; 422; *United States* vs. *Kirkpatrick*, 9 Wheat. 720, 723."

*Story on Agency* 9th Ed. Sec. 319, p. 390.

This rule has been applied and followed by the Court of Claims in many instances where claims have arisen as the result of alleged negligence of officers or servants of the State of Illinois. In each instance such claims have been denied for the reason the State cannot be held liable for the misfeasance, malfeasance or nonfeasance of its officers or agents.

*State Bank of Chicago, Admr.* vs. *State,* 1 C. C. R. 158.

*Belt* vs. *State,* 1 C. C. R. 266.

*Morrissey* vs. *State,* 2 C. C. R .254.

*Schroeder* vs. *State,* 3 C. C .R. 36.

*Ogan* vs. *State,* 4 C. C. R. 347.

*Dunning* vs. *State,* 5 C. C. R. 244.

*Janeczko* vs. *State,* 5 C. C. R. 244.

*Pelka, Admx.* vs. *State,* 6 C. C. R. 390.

The intention of the legislature in establishing the Court of Claims was only to provide a forum where claims could be adjudicated according to well recognized principles of law and equity, except as otherwise provided by statute.

*Henke* vs. *State,* 2 C. C. R. 11.

*Morrissy* vs. *State,* 2 C. C. R. 254.

The demurrer of respondent is sustained; leave granted to file amended declaration by first day of January term.